

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2007

# USA v. Lowe

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2060

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Lowe" (2007). *2007 Decisions.* Paper 1286.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1286

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-2060

———————

UNITED STATES OF AMERICA

v.

LARNELL LOWE,
a/k/a L-Lowe,

Larnell Lowe,
Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 04-cr-00131-3)
District Judge:  Honorable Yvette Kane

———————

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2007

Before:  RENDELL, BARRY and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Filed April 17, 2007)

———————

OPINION OF THE COURT

———————

RENDELL, *Circuit Judge*.

Larnell Lowe was convicted by a jury of two counts of carjacking, in violation of

18 U.S.C. § 2119, two counts of using a firearm in furtherance of a crime of violence, in

violation of 18 U.S.C. § 924(c), and one count of conspiracy to use a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o).  The District Court sentenced him to 504 months imprisonment, 3 years supervised release, a $2,500 fine, a special assessment of $100 for each count, and restitution to the victims.  Lowe appeals his convictions on the ground that they were supported by insufficient evidence.  We have jurisdiction over Lowe's appeal pursuant to 28 U.S.C. § 1291 and we will affirm.

I.

On January 1, 2004, Lowe and several other men attacked Grady Walker ("Grady") outside the Calabash restaurant in Harrisburg, Pennsylvania, stealing his cell phone, money and car keys.  Grady, as well as Lowe's co-defendants Phillip Walker ("Phillip") and Brian Pendelton, who testified after entering into plea agreements, stated that Lowe participated in the attack.  According to Phillip, Lowe and the other men spotted Grady and decided to rob him because he was from the "uptown" section of Harrisburg.  Grady and Phillip both testified that Lowe put a gun to Grady's face at one point during the attack.  Phillip testified that the attackers took Grady into an alley, beat him with a shotgun and asked for his car keys.  One of the attackers took the keys and drove away in Grady's car, which was parked across the street from the restaurant.  Lowe fled after the attack.

Some of the testimony describing the attack on Grady was inconsistent.  Pendelton testified that he was not present during the attack and only heard about it later, while both Grady and Phillip testified that Pendelton participated in the attack.  Grady and Phillip

2

also disagreed as to who, besides Lowe, participated in the attack and as to who, besides Lowe, put a gun to Grady's face. They also disagreed about who drove away in Grady's car.

Approximately one hour after the carjacking of Grady Walker, a group of men including Lowe robbed Bryant Mathes and his fiancée, Angela Terry, in an area that was about a fifteen-minute walk from the Calabash. According to Pendelton, as the group approached Mathes' car, Lowe said "let's get them." As Mathes and Terry were getting out of the car, the group of men approached them. One put a gun to Mathes' head and several of them took Mathes' watch and ring. They asked for Mathes' car keys and one or more of the men drove away in his car. While several men were attacking Mathes, several others were on the other side of the car, pointing a gun at Terry and taking her purse. Neither Mathes nor Terry could identify the attackers.

There was some inconsistency in the testimony about the carjacking of Mathes and Terry. Phillip and Pendelton disagreed as to who participated in the carjacking, but both said that Lowe did. Terry said that two men drove away in the car, while Mathes said that three men drove away in the car, and Phillip and Pendelton both testified that Pendelton alone drove away in the car. Furthermore, before Lowe's trial, Phillip had named other people as participants in the carjacking, but at trial, Phillip conceded that these individuals were not involved. Phillip testified that he named these additional people because he was threatened.

At trial, the parties also stipulated that:

3

[I]f the Government called witnesses to testify as to where the two automobiles at issue in this case were manufactured, they would testify that [the car] that was taken from Grady Walker on January 1st, 2004, was manufactured in . . . Mexico, and therefore traveled in interstate or foreign commerce, and that [the car] taken from Bryant Mathes on January 1st, 2004, was manufactured in Marysville, Ohio, and therefore traveled in interstate or foreign commerce.

A jury convicted Lowe of the carjackings of Grady Walker and Bryant Mathes, two counts of using or carrying a firearm during and in relation to a crime of violence, and one count of conspiracy to possess firearms in furtherance of a crime of violence. Lowe moved for a judgment of acquittal at the close of the government's case and after the verdict, on the ground that there was insufficient evidence to support the convictions. Lowe did not raise any objection to the sufficiency of the evidence to prove that the stolen vehicles had been transported in interstate commerce. The District Court denied these motions, finding that the government presented sufficient evidence to support Lowe's convictions. This appeal followed.

## II.

Our review of the sufficiency of the evidence to support a conviction is plenary. *United States v. Mussare,* 405 F.3d 161, 166 (3d Cir. 2005). "We will reverse a jury verdict for insufficiency of the evidence 'only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt.'" *Id.* (internal citations omitted). "We must view the evidence in the light most favorable to the government and must sustain a jury's verdict if 'a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the

4

government proved all the elements of the offenses.'" *United States v. Rosario,* 118 F.3d 160, 163 (3d Cir. 1997) (internal citations omitted).

## III.

Lowe first argues that the evidence that the stolen cars were manufactured outside of Pennsylvania is insufficient to prove that they were transported, shipped or received in interstate commerce. We will engage in plain error review, and we find no such error. *See United States v. Peppers*, 302 F.3d 120, 125 (3d Cir. 2002) (stating that we review for plain error where defendant fails to "preserve an objection to the sufficiency of the evidence"). Lowe stipulated at trial that a government witness, if called, would have testified that the stolen cars were manufactured outside of Pennsylvania and that they "therefore traveled in interstate or foreign commerce." This evidence was sufficient to allow a reasonable jury to find beyond a reasonable doubt that the stolen cars were transported in interstate commerce. *See United States v. Lake*, 150 F.3d 269, 273 (3d Cir. 1998) (holding that police officer's testimony that "no motor vehicles are manufactured in the Virgin Islands" was sufficient to establish that cars stolen in Virgin Islands traveled in interstate commerce).

## IV.

Lowe next claims that the evidence was not sufficient to support his conviction for the carjacking of Grady Walker. In order to prove a violation of 18 U.S.C. § 2119, "the prosecution must prove that the defendant (1) 'with intent to cause death or serious bodily

5

harm' (2) took a motor vehicle (3) that had been 'transported, shipped, or received in interstate or foreign commerce' (4) 'from the person or presence of another' (5) 'by force and violence or by intimidation.'" *Lake*, 150 F.3d at 272.

Lowe argues that the government did not establish that he participated in taking the car, or that he was vicariously liable as a co-conspirator under *Pinkerton v. United States*, 328 U.S. 640 (1946). To prove *Pinkerton* liability, the government must establish:

> 1. That a conspiracy existed in that there was an agreement between individuals to align themselves with others in the criminal venture;
> 2. That having so aligned themselves together, one or more of the others of them acted to commit the substantive offense; and
> 3. That the substantive offense was committed in furtherance of the criminal venture in which the defendant had aligned himself with others.

*United States v. Lopez*, 271 F.3d 472, 480 (3d Cir. 2001).

Lowe argues that there was no evidence of a specific agreement to take the car. However, for *Pinkerton* liability, the government was not required to prove the existence of an agreement to take the car. Instead, the government had the burden to prove that Lowe participated in a conspiracy and that one or more of the conspirators committed the carjacking in furtherance of the conspiracy. As the District Court noted in denying Lowe's motion for acquittal, the agreement necessary for a conspiracy "can be inferred from evidence of related facts and circumstances from which it appears as a reasonable and logical inference, that the activities of the participants . . . could not have been carried on except as the result of a preconceived scheme or common understanding." *United States v. Pressler*, 256 F.3d 144, 149 (3d Cir. 2001) (internal citations omitted). Further,

6

"[t]he government need not prove that each defendant knew all of the conspiracy's details, goals, or other participants." *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999). In this case, there was testimony from one of the participants in the robbery that Lowe and others "decided to rob" Grady Walker and then proceeded to approach him outside the Calabash restaurant, assault him and take his car keys and other possessions. Thus, there was sufficient evidence for a jury to conclude that Lowe conspired to rob Grady Walker and that the carjacking was committed in furtherance of the robbery conspiracy.

Lowe also argues that the evidence was insufficient to prove that the assault was committed with the intent of taking the car. In *United States v. Applewhaite*, we found that the evidence was insufficient to prove that the defendants had the requisite intent because they took the vehicle as a mere "afterthought" to the assault, in order to transport the victim's body away from the site of the crime. 195 F.3d 679, 685 (3d Cir. 1999). Here, however, both Grady Walker and Philip Walker testified that the attackers asked for Grady's car keys while they were assaulting him. This is sufficient evidence that the assault was committed with the intent of taking Grady's car.

Finally, Lowe argues that the evidence was insufficient to prove that the carjacking participants intended to cause death or serious bodily injury to Grady Walker if he did not surrender his car. In *Lopez*, we held that where "the defendants insisted [the victim] give them her keys in the course of a robbery and assault," there was sufficient evidence of an intent to cause death or serious harm. 271 F.3d at 486. In this case, there was evidence

7

that the attackers repeatedly asked Grady Walker for his keys while pointing a gun at him. This evidence was sufficient to prove that the attackers intended to cause death or serious bodily injury if Grady Walker did not surrender his keys.

## V.

Lowe's last argument is that there was insufficient evidence to sustain his conviction for the carjacking of Bryant Mathes and Angela Terry because "the government's case consisted primarily of the testimony of two co-defendants whose testimony was inconsistent with each other, prior statements and accounts of the victims." As the District Court noted, "[Lowe] appears to be arguing not so much that no evidence exists to support his conviction for the Mathes/Terry carjacking, but that the evidence at trial was contradictory and untrustworthy." It is not our role "to weigh the evidence or to determine the credibility of the witnesses." *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996) (internal citations omitted). We may not overturn a conviction unless "the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt." *United States v. Anderson*, 108 F.3d 478, 481 (3d Cir. 1997) (internal citation omitted). Viewing the evidence in the light most favorable to the government, *id.*, we conclude that there was sufficient evidence presented at trial to permit a rational trier of fact to conclude beyond a reasonable doubt that Lowe was guilty of the Mathes carjacking.

## VI.

Accordingly, for the reasons set forth above, we will affirm Lowe's convictions.

8